UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | No. 2:17-cv-0171 DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA MEDICAL FACILITY, et al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has moved to proceed in forma pauperis. Plaintiff consented to the jurisdiction of a magistrate judge. (ECF No. 4.)

For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and must pay the filing fee if he wishes to proceed with this action.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

1

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

### HAS PLAINTIFF ACCRUED THREE STRIKES?

Numerous judges in this court have found that plaintiff may not proceed with a civil rights action in forma pauperis because he has suffered at least three strikes. See, e.g., Hendon v. Davey, No. 2:17-cv-0169 KJN P (E.D. Cal.) (Order filed Mar. 23, 2017); Hendon v. Carillo, No. 2:17-cv-0170 CKD P (E.D. Cal.) (Order filed Feb. 28, 2017); Hendon v. Kulka, No. 2:14-cv-2581 AC P (E.D. Cal.) (Order filed Aug. 3, 2015); Hendon v. Baroya, No. 1:09-cv-911 MJS (PC) (E.D. Cal.) (Order filed July 29, 2010).

This court also finds plaintiff has suffered three strikes under § 1915(g). Each of the following cases[1] was dismissed for failure to state a claim prior to plaintiff's filing of this action:

(1) Hendon v. Rogel, 2:05-cv-1063 DFL PAN (E.D. Cal.) (Order filed Aug. 28, 2006);

(2) Hendon v. Witcher, 1:05-cv-1246 AWI DLB (E.D. Cal.) (Order filed Aug. 6, 2007); and

(3) Hendon v. White, 2:07-cv-1825 GEB CMK (E.D. Cal.) (Order filed Feb. 5, 2008).

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## IS PLAINTIFF IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?

Because plaintiff has accrued three strikes, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's first amended complaint filed February 21, 2017. (ECF No. 5.) Plaintiff alleges defendants have denied plaintiff access to the library at the California Medical Facility based on his disability. As relief, plaintiff seeks compensatory damages. Plaintiff's first amended complaint also includes a section entitled "Imminent Danger." (Id. at 5-6.) Therein, plaintiff alleges that he is at risk of being forcibly medicated and being strapped to a bed to restrain him because he has been subjected to recurring transfers between institutions.

Plaintiff does not make any credible and non-speculative allegation that there is a real and proximate threat to his physical safety. See Andrews, 493 F.3d at 1053 (citing Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002); Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001)). Moreover, the purpose of the imminent danger exception is to allow prisoners to proceed with cases in order to resolve the issues creating the imminent danger. See Young v. Curliss, No. 1:12-cv-1871 JLT (PC), 2013 WL 56987, at *2 (E.D. Cal. Jan. 3, 2013). Here, plaintiff's

assertions of imminent danger are not tied to the allegations of his complaint.  Therefore, plaintiff fails to meet the imminent danger exception to § 1915(g).  Plaintiff may only proceed with this action if he pays the filing fee.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within thirty days of the date of this order, plaintiff shall pay the $400 filing fee to proceed in this action.
2. Plaintiff's failure to pay the filing fee will result in dismissal of this action.

Dated:  July 22, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hend0171.3 strikes